**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X

CHANTE ANDERSON,

Plaintiff,

-against-

SERA SECURITY SERVICES, LLC,
RAUL RUSSI, individually, and
MARIA MANTILA, individually,

Defendants.

----------------------------------------------------------------X

Civil Case No.: 19-cv-5531

**COMPLAINT**

PLAINTIFF DEMANDS
A TRIAL BY JURY

Plaintiff, CHANTE ANDERSON (hereinafter referred to as "Plaintiff"), by and through her attorneys, Derek Smith Law Group, PLLC, hereby complains of Defendants, SERA SECURITY SERVICES, RAUL RUSSI, and MARIA MANTILA (hereinafter collectively referred to as "Defendants"), upon information and belief, as follows:

## NATURE OF CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), as amended, the laws of the State of New York ("NYSHRL"), and the Administrative Code of the City of New York ("NYCHRL"), based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, sex/gender discrimination, pregnancy discrimination, disability discrimination, hostile work environment, retaliation, and wrongful termination by Defendants.

**JURISDICTION AND VENUE**

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII and the ADA. The Court also has jurisdiction pursuant to 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3. Additionally, this Court has supplemental jurisdiction under the State and City law causes of action asserted in this action.

4. On or about July 12, 2018, Plaintiff filed a Charge with the Equal Employment Opportunities Commission ("EEOC") (Charge No. 520-2018-04852).

5. On or about March 26, 2019, Plaintiff received a Right to Sue Letter from the EEOC.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

7. Venue is proper in this District based upon the fact that the events or omissions that give rise to the claims asserted herein occurred within the Southern District of New York.

**PARTIES**

8. Plaintiff is an individual female, who is a resident of the State of New York, County of the Bronx.

9. At all times material, Defendant SERA is a domestic limited liability company duly existing by the virtue and laws of the State of New York that does business in the State of New York.

10. At all times material, Defendant SERA is a security system supplier in the Bronx.

11. At all times material, Defendant SERA employed Plaintiff as a Security Guard.

12. At all times material, Defendant RAUL RUSSI (hereinafter referred to as "RUSSI") is an individual male, who is a resident of the State of New York.

13. At all times material, Defendant SERA employed Defendant RUSSI as a Supervisor.

14. At all times material, Defendant RUSSI held supervisory authority over Plaintiff, controlling many tangible aspects of Plaintiff's job duties, including the power to hire and fire Plaintiff.

15. At all times material, Defendant MARIA MANTILA (hereinafter referred to as "MANTILA") is an individual female, who is a resident of the State of New York.

16. At all times material, Defendant SERA employed Defendant MANTILA as a Human Resources Supervisor.

17. At all times material, Defendant MANTILA held supervisory authority over Plaintiff, controlling many tangible aspects of Plaintiff's job duties, including the power to hire and fire Plaintiff.

18. At all times material, Defendants meet the definition of an "employer" under all applicable state and local statutes.

## MATERIAL FACTS

19. On or around September 19, 2017, Defendant SERA hired Plaintiff as a rotating Security Guard.

20. During the first few weeks of Plaintiff's employment with Defendants, SERA assigned Plaintiff to work as a Security Guard at various sites, where she was assigned to work various security posts by Defendants.

21. Specifically, some of these sites that Plaintiff was assigned to by Defendants included "standing" posts and others were merely "sitting" posts.

22. Throughout the duration of Plaintiff's employment, Defendants assigned Plaintiff to work both standing and sitting posts.

23. In or around December 2017, Plaintiff learned that she was pregnant and was expecting her first child.

24. Shortly thereafter, Plaintiff disclosed her pregnancy to SERA's Human Resource Supervisor, Defendant MANTILA.

25. Then, on or about January 25, 2018, Plaintiff disclosed her pregnancy to her direct supervisor, Defendant RUSSI.

26. In response to Plaintiff's disclosure that she was pregnant, Defendant RUSSI instructed Plaintiff to bring in a medical note clearing her to work at SERA.

27. At all times material, Plaintiff never made any indication to Defendants that she was unable to work at SERA because of her pregnancy.

28. In stark contrast, Plaintiff specifically expressed to Defendants her desire to continue working throughout the duration of her pregnancy.

29. Despite Plaintiff's assurances that she was able to continue working during her pregnancy, Defendant RUSSI refused to allow Plaintiff to continue working without written medical clearance from her doctor.

30. Thereafter, Defendant MANTILA refused to allow Plaintiff to return to work until she brought in a doctor's note clearing her to work while pregnant.

31. At this time, Plaintiff was only three (3) months pregnant, was not suffering from any type of pregnancy-related disability, and was fully able to perform her job duties.

32. Defendants had no basis to doubt or question Plaintiff's ability to work.

33. Defendant SERA unambiguously discriminated against Plaintiff because of her sex/gender/pregnancy, which Defendants evidently perceived as a disability.

34. Immediately thereafter, on or about January 25, 2018, Defendants constructively placed Plaintiff on involuntary, unpaid leave while Plaintiff sought clearance from her doctor, pursuant to Defendants' explicit instructions.

35. Plaintiff quickly endeavored to make an appointment with her doctor in order to obtain the mandated documented clearance to work.

36. On or about March 2, 2018, Plaintiff received and submitted a medical note to Defendant MANTILA clearing Plaintiff to return to work, with limited, temporary restrictions.

37. Specifically, Plaintiff's doctor's note stated: "no heavy lifting, no prolonged standing, should have access to water with frequent breaks for adequate nutrition/hydration."

38. Notably, Plaintiff had worked at several of SERA's security sites, where these restrictions were entirely feasible and Plaintiff would be able to perform her job duties under her doctor's limited medical restrictions.

39. On or around March 5, 2018, upon receipt and review of Plaintiff's medical note, Defendant MANTILA stated to Plaintiff: "This is security. You need to stand."

40. Defendant MANTILA, without engaging in any type of interactive process to accommodate Plaintiff's medical restrictions, informed Plaintiff that she was placing Plaintiff on short-term disability, notwithstanding Plaintiff's desire to continue working and Plaintiff's doctor's note clearing her to return to work.

41. Plaintiff requested that Defendants assign her to work a "sitting" post, as Defendants had frequently assigned her to work sitting posts in the past.

42. However, Defendants refused to consider Plaintiff's reasonable request for an accommodation and summarily terminated Plaintiff's employment on March 5, 2018.

43. Defendants failed to reasonably accommodate Plaintiff's pregnancy/perceived disability and further failed to engage in any type of interactive process with Plaintiff.

44. Based on the circumstances detailed herein, it is abundantly clear that Defendants discriminated against Plaintiff because of her gender/pregnancy and disability.

45. Defendants further retaliated against Plaintiff for engaging in protected activity, culminating in the unlawful constructive termination of Plaintiff's employment.

46. Plaintiff hereby demands reinstatement.

47. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and severely emotionally distressed.

48. As a result of Defendants' unlawful, discriminatory and callous treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments, including depression and anxiety.

49. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, annual incremental raises, benefits and other compensation which such employment entails.  Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

50. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

51. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against all Defendants.

52. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

53. The above are just some examples of the unlawful discrimination to which Defendants subjected Plaintiff.

## CAUSES OF ACTION

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### [Against Defendant SERA]

54. Plaintiff realleges and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

55. Title VII states in relevant part as follows: "SEC. 2000e-2. [Section 703] (a) Employer Practices; it shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her/his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

56. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her gender.

57. Moreover, Title VII, as amended in 1978 by the Pregnancy Discrimination Act ("PDA"), provided that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment related purposes…as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k).

58. Defendants engaged in unlawful employment practices by 42 U.S.C. §2000e *et seq.*, by discrimination against Plaintiff on the basis of her gender and pregnancy, together with subjecting Plaintiff to a hostile work environment based on same.

59. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION**
**FOR RETALIATION UNDER TITLE VII**
**[Against Defendant SERA]**

60. Plaintiff realleges and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

61. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

62. Defendant engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq*. by retaliating against Plaintiff with respect to the terms, conditions or privilege of employment because of her opposition to the unlawful employment practices of Defendant.

63. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRD CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE AMERICANS WITH DISABILITIES ACT**
**[Against Defendant SERA]**

64. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

65. Plaintiff claims Defendant violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

66. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability

of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

67. Section 102 continues: "As used in subsection (a) of this section, the term 'discriminate against a qualified individual on the basis of disability' includes … (4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."

68. Defendants violated the section cited herein by creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of his associated disability.

69. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the ADA.

70. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FOURTH CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**THE AMERICANS WITH DISABILITIES ACT**
**[Against Defendant SERA]**

71. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

72. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

73. Defendants violated the above and Plaintiff suffered numerous damages as a

result.

74. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the ADA.

**AS A FIFTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**NEW YORK STATE LAW**
**[Against All Defendants]**

75. Plaintiff realleges and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

76. New York State Executive Law § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

77. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her gender, disability and pregnancy related condition leading to Plaintiff's wrongful termination.

78. Defendants violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff on the basis of her sex/gender, pregnancy, and disability.

79. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

80. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SIXTH CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**NEW YORK STATE LAW**
**[Against All Defendants]**

81. Plaintiff realleges and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

82. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

83. Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment on the basis of Plaintiff's opposition to the unlawful practices of Defendants.

84. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

**AS A SEVENTH CAUSE OF ACTION**
**FOR AIDING AND ABETTING**
**UNDER NEW YORK STATE LAW**
**[Against All Defendants]**

85. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

86. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

87. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

88. Plaintiff hereby makes a claim against Defendants under all of the applicable

paragraphs of New York State Executive Law.

89. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS AN EIGHTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**[Against All Defendants]**

90. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

91. The Administrative Code of City of NY §8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

92. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against Plaintiff because of her sex/gender.

93. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A NINTH CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**[Against All Defendants]**

94. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

95. The New York City Administrative Code Tide 8, §8-107(7) provides that it shall

be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter…."

96. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(7) by discriminating against Plaintiff because of her opposition to the unlawful employment practices of Plaintiffs' employer.

97. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A TENTH CAUSE OF ACTION**
**FOR AIDING AND ABETTING UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**[Against All Defendants]**

98. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as is fully set forth at length.

99. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

100. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

101. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS AN ELEVENTH CAUSE OF ACTION**
**FOR INTIMIDATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**[Against All Defendants]**

102. Plaintiff repeats and re-alleges each and every allegation made in the above

paragraphs of this complaint as if fully set forth at length.

103. Section 8-107(19), entitled Interference With Protected Rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

104. Defendants violated the above section as set forth herein and Plaintiff suffered numerous damages as a result.

**AS A TWELFTH CAUSE OF ACTION**
**FOR SUPERVISOR LIABILITY UNDER**
**<u>THE NEW YORK CITY ADMINISTRATIVE CODE</u>**
**[Against All Defendants]**

105. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as is fully set forth at length.

106. Section 8-107(13) entitled Employer Liability for Discriminatory Conduct By Employee, agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section. b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's

discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."

107. Defendants violated the above section as set forth herein and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands judgment against all Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action, and for such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues to be tried.

Dated: June 13, 2019
New York, New York

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*

Rachel Allen

Rachel Allen, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119
212-587-0760