UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

CHANTE ANDERSON,  Civil Action No. 19-cv-5531

                        Plaintiff,

                                                **ANSWER TO COMPLAINT**

   - against -

SERA SECURITY SERVICES, LLC,
RAUL RUSSI, individually, and
MARIA MANTILLA, individually,


                                 Defendants.
----------------------------------------------------------------- X

      Defendants Sera Security Services, LLC ("Sera Security"), Raul Russi ("Russi"), and Maria Mantilla ("Mantilla") (collectively, "Defendants"), as and for their Answer to the Complaint (the "Complaint") filed by Chante Anderson ("Plaintiff"), respectfully allege as follows:

## **ANSWERING "NATURE OF CASE"**

    1.    Deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein. Defendants further deny that they violated Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), the New York City Administrative Code, or the laws of the State of New York, or any other laws or legal obligations to Plaintiff, whether statutory or at common law, and further deny that Plaintiff is entitled to any of the monetary or equitable relief, including but not limited to damages, interest, costs or attorneys' fees, requested in this lawsuit, or that Plaintiff is entitled to any relief whatsoever. To the extent not expressly admitted herein, all allegations set forth in the Complaint are specifically denied.

## ANSWERING "JURISDICTION AND VENUE"

2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff purports to state the basis for this Court's jurisdiction as set forth therein, and respectfully refer all matters of law to the Court.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiff purports to state the basis for this Court's jurisdiction as set forth therein, and respectfully refer all matters of law to the Court.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint, except admit that a Charge of Discrimination was filed by or on behalf of Plaintiff with the U.S. Equal Employment Opportunity Commission ("EEOC") and assigned federal charge number 520-2018-04852.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint, except admit, upon information and belief, that the EEOC issued Plaintiff a Notice of Right to Sue.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint. The allegation that Plaintiff has satisfied all administrative prerequisites is a legal conclusion to which no response is required, and Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Defendants deny this allegation.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that Plaintiff purports to state the basis for venue in this Court as set forth therein, and respectfully refer all matters of law to the Court.

## ANSWERING "PARTIES"

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except admit, upon information and belief, that Plaintiff is an individual female.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Sera Security is a domestic limited liability company that does business in the State of New York.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that defendant Sera Security provides securities services in Bronx, New York.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Sera Security employed Plaintiff as a security officer.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Russi is an individual male and a resident of the State of New York.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Mantilla is an individual female and a resident of the State of New York.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that defendant Mantilla is employed by Sera Security as the Human Resources Generalist.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Paragraph "18" of the Complaint sets forth legal conclusions to which no responsive pleading is required, and Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

## ANSWERING "MATERIAL FACTS"

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that Plaintiff was hired by Sera Security as a security officer on or about September 19, 2017.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that during Plaintiff's employment with Sera Security, Plaintiff was assigned to work as a security officer at various sites.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that Plaintiff disclosed her pregnancy to defendant Mantilla.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff endeavored to make an appointment with her doctor.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except admit that on or about March 2, 2018, Plaintiff submitted a medical note to defendant Mantilla and respectfully refer the Court to the medical note for a complete and accurate statement of its contents, and deny, upon information and belief, that Plaintiff received the doctor's letter on or about March 2, 2018.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that Plaintiff submitted a medical note and respectfully refer the Court to the medical note for a complete and accurate statement of its contents.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny that Plaintiff is entitled to the relief demanded in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint, and deny that Plaintiff is entitled to the relief demanded in such paragraph.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

**ANSWERING "AS A FIRST CAUSE OF ACTION
FOR DISCRIMINATION UNDER TITLE VII"
(Against Defendant SERA)**

54. In response to paragraph "54" of the Complaint, Defendants repeat and reaffirm each and every response made in paragraphs "1" through "53" as if fully set forth herein.

55. Paragraph "55" of the Complaint sets forth a partial quotation to a statute; that statute speaks for itself and thus no responsive pleading is required.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Paragraph "57" of the Complaint sets forth a partial quotation to a statute; that statute speaks for itself and thus no responsive pleading is required.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

**ANSWERING "AS A SECOND CAUSE OF ACTION
FOR RETALIATION UNDER TITLE VII"
(Against Defendant SERA)**

60. In response to paragraph "60" of the Complaint, Defendants repeat and reaffirm each and every response made in paragraphs "1" through "59" as if fully set forth herein.

61. Paragraph "61" of the Complaint sets forth a partial quotation to a statute; that statute speaks for itself and thus no responsive pleading is required.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

### ANSWERING "AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT"
### (Against Defendant SERA)

64. In response to paragraph "64" of the Complaint, Defendants repeat and reaffirm each and every response made in paragraphs "1" through "63" as if fully set forth herein.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Paragraph "66" of the Complaint sets forth a partial quotation to a statute; that statute speaks for itself and thus no responsive pleading is required.

67. Paragraph "67" of the Complaint sets forth a partial quotation to a statute; that statute speaks for itself and thus no responsive pleading is required.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint, except admit that Plaintiff purports to invoke the statute referred to therein.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

### ANSWERING "AS A FOURTH CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT"
### (Against Defendant SERA)

71. In response to paragraph "71" of the Complaint, Defendants repeat and reaffirm each and every response made in paragraphs "1" through paragraph "70" as if fully set forth herein.

72. Paragraph "72" of the Complaint sets forth a partial quotation to a statute; that statute speaks for itself and thus no responsive pleading is required.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint, except admit that Plaintiff purports to invoke the statute referred to therein.

### ANSWERING "AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE LAW"
### (Against All Defendants)

75. In response to paragraph "75" of the Complaint, Defendants repeat and reaffirm each and every response made in paragraphs "1" through "74" as if fully set forth herein.

76. Paragraph "76" of the Complaint sets forth a partial quotation to a statute; that statute speaks for itself and thus no responsive pleading is required.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint, except admit that Plaintiff purports to invoke the statute referred to therein.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

### ANSWERING "AS A SIXTH CAUSE OF ACTION FOR RETALIATION UNDER NEW YORK STATE LAW"
### (Against All Defendants)

81. In response to paragraph "81" of the Complaint, Defendants repeat and reaffirm each and every response made in paragraphs "1" through "80" as if fully set forth herein.

82. Paragraph "82" of the Complaint sets forth a partial quotation to a statute; that statute speaks for itself and thus no responsive pleading is required.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint, except admit that Plaintiff purports to invoke the statute referred to therein.

### ANSWERING "AS A SEVENTH CAUSE OF ACTION FOR AIDING AND ABETTING UNDER NEW YORK STATE LAW"
(Against All Defendants)

85. In response to paragraph "85" of the Complaint, Defendants repeat and reaffirm each and every response made in paragraphs "1" through "84" as if fully set forth herein.

86. Paragraph "86" of the Complaint sets forth a partial quotation to a statute; that statute speaks for itself and thus no responsive pleading is required.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint, except admit that Plaintiff purports to invoke the statute referred to therein.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

### ANSWERING "AS AN EIGHTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE"
(Against All Defendants)

90. In response to paragraph "90" of the Complaint, Defendants repeat and reaffirm each and every response made in paragraphs "1" through "89" as if fully set forth herein.

91. Paragraph "91" of the Complaint sets forth a partial quotation to a statute; that statute speaks for itself and thus no responsive pleading is required.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

### ANSWERING "AS A NINTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE"
(Against All Defendants)

94. In response to paragraph "94" of the Complaint, Defendants repeat and reaffirm each and every response made in paragraphs "1" through "93" as if fully set forth herein.

95. Paragraph "95" of the Complaint sets forth a partial quotation to a statute; that statute speaks for itself and thus no responsive pleading is required.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

**ANSWERING "AS A TENTH CAUSE OF ACTION
FOR AIDING AND ABETTING UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE"
(Against All Defendants)**

98. In response to paragraph "98" of the Complaint, Defendants repeat and reaffirm each and every response made in paragraphs "1" through "97" as if fully set forth herein.

99. Paragraph "99" of the Complaint sets forth a partial quotation to a statute; that statute speaks for itself and thus no responsive pleading is required.

100. Deny the allegations set forth in paragraph "100" of the Complaint.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

**ANSWERING "AS AN ELEVENTH CAUSE OF ACTION
FOR INTIMIDATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE"
(Against All Defendants)**

102. In response to paragraph "102" of the Complaint, Defendants repeat and reaffirm each and every response made in paragraphs "1" through "101" as if fully set forth herein.

103. Paragraph "103" of the Complaint sets forth a partial quotation to a statute; that statute speaks for itself and thus no responsive pleading is required.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

**ANSWERING "AS A TWELFTH CAUSE OF ACTION
FOR SUPERVISOR LIABILITY UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE"
(Against All Defendants)**

105. In response to paragraph "105" of the Complaint, Defendants repeat and reaffirm each and every response made in paragraphs "1" through "104" as if fully set forth herein.

106. Paragraph "106" of the Complaint sets forth a partial quotation to a statute; that statute speaks for itself and thus no responsive pleading is required.

107. Deny the allegations set forth in paragraph "107" of the Complaint.

## DEFENSES

## AS AND FOR A FIRST DEFENSE

108. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

109. Any and all tangible employment actions affecting Plaintiff were based on legitimate non-discriminatory, non-retaliatory reasons.

## AS AND FOR A THIRD DEFENSE

110. Even if Plaintiff is entitled to recover damages, which Defendants expressly deny, Plaintiff may be barred or limited from recovering damages based on her failure to mitigate said damages.

## AS AND FOR A FOURTH DEFENSE

111. Some or all of Plaintiff's injuries are due, in whole or in part, to her own actions.

## AS AND FOR A FIFTH DEFENSE

112. The Complaint is barred, in whole or in part, by Plaintiff's failure to properly perform all conditions precedent to suit.

## AS AND FOR A SIXTH DEFENSE

113. Plaintiff is not entitled to punitive damages.

### AS AND FOR A SEVENTH DEFENSE

114. Plaintiff's claims are or may be barred by the doctrine of unclean hands.

### AS AND FOR AN EIGHTH DEFENSE

115. Defendants conducted their practices in good faith and in accordance with all applicable statutes and regulations with regard to Plaintiff. Defendants have not acted in bad faith or willfully or otherwise violated Plaintiff's rights in any manner or acted maliciously with respect to any aspect of the events underlying the Complaint.

### AS AND FOR A NINTH DEFENSE

116. Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A TENTH DEFENSE

117. Defendants exercised reasonable care to prevent and promptly eliminate any discriminatory conduct in the workplace. Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendants or to otherwise avoid harm.

### AS AND FOR AN ELEVENTH DEFENSE

118. Plaintiff's claims are frivolous and groundless and known by Plaintiff to be frivolous and groundless and without foundation in fact or law. Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendants.

### AS AND FOR A TWELFTH DEFENSE

119. Even if Plaintiff is entitled to recover damages, which Defendants expressly deny, Plaintiff may be barred or limited from recovering damages based on the doctrine of after-acquired evidence.

## AS AND FOR A THIRTEENTH DEFENSE

120. Some or all of Plaintiff's injuries are or may be due, in whole or in part, to the actions of third parties over whom Defendants had no control.

## AS AND FOR A FOURTEENTH DEFENSE

121. Costs or damages alleged to be incurred in the future may not be recovered as they are remote, speculative, contingent and incapable of calculation.

## AS AND FOR A FIFTEENTH DEFENSE

122. At all times relevant to the acts alleged in the Complaint, Defendant's actions were reasonable, proper, lawful, made in good faith, and without malice, willfulness, or intent to violate Plaintiff's right and/or retaliate against Plaintiff.

## AS AND FOR A SIXTEENTH DEFENSE

123. The conduct complained of by Plaintiff consists of nothing more than what a reasonable victim of discrimination or harassment would consider petty slights and trivial inconveniences.

## AS AND FOR A SEVENTEENTH DEFENSE

124. Plaintiff's claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and set offs.

## AS AND FOR AN EIGHTEENTH DEFENSE

125. To the extent Plaintiff alleges that she required an accommodation(s), Plaintiff, even with reasonable accommodation, could not perform the essential functions of her job.

## AS AND FOR A NINETEENTH DEFENSE

126. To the extent Plaintiff alleges that she required an accommodation(s), such accommodation(s) could not be made without causing undue hardship.

## AS AND FOR A TWENTIETH DEFENSE

127. Defendants have not violated any rights, privileges or immunities of Plaintiff under any federal, state or local laws.

## AS AND FOR A TWENTY-FIRST DEFENSE

128. Plaintiff cannot establish a disability discrimination claim because, to the extent a breakdown in the interactive process occurred, Plaintiff, and not Defendants, was responsible for that breakdown.

## AS AND FOR A TWENTY-SECOND DEFENSE

129. Defendants reserve the right to assert additional defenses at any time as they may become known, and to amend their Answer accordingly.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and any other relief this Court deems just and proper.

Dated:   New York, New York
         August 12, 2019

Respectfully Submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

By: */s/ Lindsey M. Blackwell*
    Christopher A. Seacord
    Lindsey M. Blackwell
    One Battery Park Plaza, 28th Floor
    New York, New York 10004
    Tel: 212-269-5500
    Fax: 212-269-5505
    cseacord@grsm.com
    lblackwell@grsm.com
    *Attorneys for Defendants Sera Security Services, LLC, Raul Russi, and Maria Mantilla*

TO: Rachel Allen
Derek Smith Law Group, PLLC
One Penn Plaza, Suite 4905
New York, New York 10119
Tel: (212) 587-0760
Rachel@dereksmithlaw.com

*Attorneys for Plaintiff*

1166090/46832934v.1